UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FAYE MADIGAN, independent administrator of the Estate of Kenneth M. Thompson,

              Plaintiff,

-against-

ARON O. BRONSTEIN, TOMER M. YUZARY, IOSIF PAK, and ROMAN SAKHAROVICH,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

18mc61

OPINION & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        This miscellaneous action lies at the intersection of criminal and civil procedural rules. Almost two decades ago, Defendant Aron O. Bronstein pled guilty to one count of conspiracy to commit securities fraud and wire fraud and thirteen substantive securities fraud counts. (See United States v. Sakharovich, et al., 00cr100 (S.D.N.Y.).) The criminal judgment in that action ordered, inter alia, Bronstein to pay restitution in the amount of $3,209,000.00, for which he was jointly and severally liable with the other defendants.

        Plaintiff Faye Madigan is the administrator of the estate of Kenneth Thompson, who was one of many victims entitled to restitution. Before this Court are two motions that, in substance, request the issuance of non-party subpoenas under Federal Rule of Civil Procedure ("Rule") 45 for discovery in aid of judgment under Rule 69.[1] These motions also purport to seek

---

[1] By filing two separate motions to compel for two separate subpoenas a month apart in the same miscellaneous action, Madigan may have improperly avoided the payment of a second filing fee. In any event, as a matter of judicial economy, this Court addresses both motions.

orders under Rules 37 and 45 compelling the two non-parties to provide the requested discovery. Because none of the various criminal or civil procedural rules that Madigan invokes provides a basis for the relief she requests, the motions are denied.

DISCUSSION

I.   Unified Court System of the State of New York

Madigan's first motion seeks to compel the Unified Court System of the State of New York ("Unified Court System")[2]—a non-party to this action and the criminal action—to produce certain sealed documents from Bronstein's divorce proceeding under Rule 69. Rule 69 permits a judgment creditor to, in aid of the judgment or execution, "obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). In turn, New York law provides that at "any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matters relevant to the satisfaction of the judgment, by serving upon any person a subpoena . . . ." N.Y. C.P.L.R. § 5223. According to Madigan, the matrimonial file is germane to the satisfaction of Bronstein's restitution obligations because it contains disclosures related to his financial condition.

As an initial matter, Madigan's motion suffers from various procedural deficiencies. For one thing, any reliance on Rule 37 as the basis for Madigan's motion to compel

---

[2]   This Court construes the references to "New York County Supreme Court" in Madigan's application to be to the Unified Court System, which encompasses the Supreme Court of the State of New York, New York County. The Unified Court System is unquestionably an arm of the state against which the Eleventh Amendment bars suits for money damages. See N.Y. State Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y., 25 F. Supp. 3d 459, 465 (S.D.N.Y. 2014); see also Gollomp v. Spitzer, 568 F.3d 355, 366-67 (2d Cir. 2009). The applicability of sovereign state immunity to a non-party subpoena appears unsettled in this Circuit, and the lone decision from this Circuit of which this Court is aware held that the Eleventh Amendment does not apply to discovery subpoenas. Jackson v. AFSCME Local 196, 208 WL 1848900, at *3 (D. Conn. Apr. 25, 2008). Nonetheless, in light of this Court's conclusion that Madigan must seek discovery in aid of her state judgment lien in state court, it need not enter this jurisdictional fray. Cf. 13 Bus. & Com. Litig. Fed. Cts. § 140:56 (4th ed.) (observing that most—but not all—federal courts have found that states (or entities thereof) cannot invoke the Eleventh Amendment to resist a federal court third-party subpoena).

2

is misplaced.  The majority of courts in this Circuit that have analyzed whether motions to compel compliance with a non-party subpoena under Rule 45 may be brought under the auspices of Rule 37 have answered that question in the negative because Rule 37 applies to a <u>party</u>'s failure to comply with a discovery order, while Rule 45 addresses a <u>non-party</u>'s failure to comply with a discovery subpoena.  <u>See</u> <u>Mazzocchi v. Windsor Owners Corp.</u>, 2014 WL 594085, at *2 (S.D.N.Y. Feb. 11, 2014); <u>Jalayer v. Stigliano</u>, 2016 WL 5477600, at *3 (E.D.N.Y. Sept. 29, 2016) (collecting cases); <u>accord</u> <u>Davis v. Speechworks Int'l, Inc.</u>, 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005) (noting that "[Rule 37] does not apply to a motion to compel compliance with a subpoena pursuant to [Rule 45]").

But even under Rule 45, Madigan's motion is procedurally deficient and premature.  For example, there is no indication that the subpoena includes the text of Rule 45(d) and (e).  <u>See</u> Fed. R. Civ. P. 45(a)(1)(A)(iv).  Moreover, Rule 45(d)(2)(B)(i) permits a party who serves a document-only subpoena, "on notice to the commanded person, [to] . . . move the court for the district where compliance is required for an order compelling production or inspection." This framework, however, generally contemplates several preconditions: (1) that a notice and copy of the subpoena has been served on each party prior to service on the commanded person; (2) that service of the subpoena has been effectuated; (3) that the commanded person has objected to the subpoena; and (4) that the serving party has provided notice of the motion to the commanded person.  <u>See</u> Fed. R. Civ. P. 45(a)(4) & (d)(2)(B).  Of course, none of these prerequisites are satisfied because no subpoena has been issued to the Unified Court System. Setting aside Madigan's erroneous assumption that this Court must "so order" the proposed subpoena, <u>see</u> Fed. R. Civ. P. 45(a)(3) (describing procedures for issuance of a Rule 45 subpoena by the Clerk of Court or an attorney authorized to practice in the issuing court), this Court finds

3

the subpoena problematic for a more fundamental reason.

At bottom, Madigan's application seeks Bronstein's financial information from the Unified Court System to enforce Bronstein's restitution obligations. Section 3663 of Title 18 requires that orders of restitution be "enforced in accordance with section 3664." 18 U.S.C. § 3663(d). Section 3664 authorizes the federal government to enforce restitution orders "in the manner provided for in [18 U.S.C. §§ 3571 et seq. and 3611 et seq.]; or . . . by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). The robust panoply of enforcement options at the federal government's disposal includes "the practices and procedures for the enforcement of a civil judgment under Federal law or State law," including Rule 69. See 18 U.S.C. § 3613(a) & (f).

By contrast, the enforcement mechanism available to victims is comparatively meager. Section 3664(m)(1)(B) sets forth the exclusive procedure to be followed when a victim named in a restitution order seeks to enforce the order. Accord Schultz v. United States, 594 F.3d 1120, 1123 (9th Cir. 2010). Under that provision, "[a]t the request of a victim named in a restitution order," the "clerk of the court [must] issue an abstract of judgment certifying that a judgment has been entered in favor of such a victim." 18 U.S.C. § 3664(m)(1)(B). Here, Madigan has obtained such an abstract of judgment, (see ECF No. 1), which operates as "a lien on the property of the defendant located in [the State where the district court is located] in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State," see 18 U.S.C. § 3664(m)(1)(B).

Although Madigan has received what is effectively enforceable as a civil judgment lien on defendants' New York–based property under New York state law, see United States v. Perry, 360 F.3d 519, 524 (6th Cir. 2004), her motion implicitly raises the question of

whether that judgment or execution—or discovery in aid of that judgment or execution—may be enforced in federal court. On one hand, some courts have recognized that the replacement of the formerly applicable provision stating that restitution orders may be enforced by victims "in the same manner as a judgment in a civil action" with what is now § 3664(m)(1)(B) does not "foreclose victims from enforcing restitution orders in federal court." Nat'l Council on Comp. Ins., Inc. v. Caro & Graifman, P.C., 2008 WL 450413, at *18 n.2 (D. Conn. Feb. 15, 2008). The persuasive force of National Council on Compensation Insurance's observation is somewhat muted, however, because the district court's discussion focused on who may enforce a restitution order (i.e., a victim's enforcement capabilities vis-à-vis the Government's) as opposed to the forum in which a restitution order may be enforced (i.e., state court versus federal court). Nat'l Council on Comp. Ins., Inc., 2008 WL 450413, at *18 n.2. Others have acknowledged that "a restitution judgment in a federal criminal case may only be enforced in state court"—an approach that finds support in academic commentary. See Cavellini v. Harris, 2015 WL 6954896, at *5 (N.D. Cal. Nov. 10, 2015) (citing 18 U.S.C. § 3664(m)(1)(B)); see also Catharine M. Goodwin, Federal Criminal Restitution § 15:29 (Aug. 2017) (explaining that a victim may only enforce a restitution order by recording and pursuing the abstract of judgment as a lien in state court).

Based on the paltry record, this Court is not convinced that Madigan's application for discovery in aid of the state judgment lien may be brought in this forum. Moreover, Madigan has made no showing that this Court may grant the requested relief under Rule 69 because that rule applies only to federal money judgments. Labertew v. Langemeier, 846 F.3d 1028, 1032-33 (9th Cir. 2017); see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 1993 WL 50528, at *2 (observing that "Rule 69(a) on its face permits discovery in order to enforce a

5

federal judgment or execution" (emphasis added)); Bronkovic v. Sandholm, 1996 WL 743346, at *1 (E.D.N.Y. Dec. 6, 1996) (stating that "Rule 69(a) 'is not to be construed as applying to judgments other than those of the Federal Courts'" (citation omitted)). Accordingly, the motion for discovery from the Unified Court System is denied.

II.     Faina Bronstein

Separately, Madigan moves to compel Faina Bronstein (a/k/a Faina Tsynman)[3]—Aron Bronstein's current or former spouse—to provide testimony and produce documents relating to any income funneled to Tsynman from corporations managed by Bronstein. According to Madigan, such information about assets that Bronstein allegedly concealed or transferred would be relevant to Bronstein's ability to pay restitution. In connection with this motion, Madigan attaches a proposed subpoena as Exhibit A to her memorandum of law.

Here, Madigan's second motion suffers from many of the same procedural infirmities that plague the first. For instance, she cannot use Rule 37 as a basis to compel Tsynman to provide testimony or produce documents because Tsynman—like the Unified Court System—is not a party to this proceeding. And as with Madigan's first motion, the second motion is procedurally improper under Rule 45 for a multitude of reasons. First, it is facially deficient because it (1) does not issue any command or directive to Tsynman as required by Rule 45(a)(1)(A)(iii); (2) does not set out the text of Rule 45(d) and (e) as required by Rule 45(a)(1)(A)(iv); and (3) sets a time for compliance that has already passed. Moreover, Madigan's application is embryonic because no subpoena to Tsynman has even been issued.

Even setting aside these issues, any motion to compel would properly be brought in the Eastern District of New York—not this Court—because the subpoena requires attendance

---

[3]     For ease of reference, this Opinion & Order will refer to Faina Bronstein as "Tsynman."

at a deposition and production of documents in Brooklyn.  See Fed. R. Civ. P. 45(d) (vesting primary responsibility for enforcing Rule 45 subpoenas in the court for the district where compliance is required); accord JMC Rest. Holdings, LLC v. Pevida, 2015 WL 2240492, at *2 (E.D.N.Y. May 12, 2015).  And finally, the fact that Madigan ultimately seeks discovery from Tsynman to assist in enforcing the state judgment lien is an independently sufficient reason to deny her motion.

## CONCLUSION

Accordingly, Madigan's motions are denied.  Any further application by Madigan in federal court for discovery in aid of the state judgment lien shall attach a copy of this Opinion & Order.  Madigan is further directed to serve a copy of this Opinion & Order on the United States Attorney's Office for the Southern District of New York and file an affidavit of service on the docket.  Madigan is directed to file no further applications without opening a new miscellaneous action and paying the filing fee.  The Clerk of Court is directed to terminate the motions pending at ECF Nos. 5 and 7 and mark this miscellaneous case as closed.

Dated: April 12, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.